## CARRUTHERS v. DIEFENDORF.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. AGENCY—CONDUCT OF AGENT—PROFITING BY TRANSACTIONS.
   Where defendant engaged plaintiff to take charge of flats owned by defendant, and, in his accounts rendered, plaintiff charged and retained from the rents more than he actually paid for janitor service and insurance, it was error to allow him the difference between the charges and the sums actually paid.

2. SAME—COMPENSATION—ACCOUNT — PAYMENT — ADDITIONAL COMPENSATION— QUANTUM MERUIT.
   Defendant engaged plaintiff to take charge of certain flats belonging to defendant, there being no express agreement between them as to the agent's compensation. From time to time plaintiff rendered accounts to defendant, in which he charged for his services 5 per cent. on the gross amounts collected; and, in an action to recover additional compensation

on a quantum meruit, he testified that he made no charges for his services, such as the making of repairs, hiring janitors, etc., but that 2½ per cent. for collecting and 2½ per cent. for renting recompensed him for all such services. *Held* that, plaintiff having placed a value on his services which was assented to and paid by defendant, he could recover no additional sum under the quantum meruit.

Appeal from trial term, Kings county.

Action by Frederick W. Carruthers against Julia Diefendorf. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Arthur P. Hilton, for appellant.
William G. Cooke, for respondent.

SEWELL, J. This controversy grew out of the employment by the defendant of the plaintiff as a real estate agent to take charge of six apartment houses in the city of Brooklyn. The plaintiff made leases, collected rents, caused repairs to be made, effected insurance, employed janitors, purchased coal and other supplies, and paid interest and taxes from January 1, 1891, to December 20, 1897. There was no express agreement between the parties as to compensation. The plaintiff deposited the moneys collected in his own name, and rendered monthly statements of the amounts collected, and the sums claimed to have been paid by him to mechanics and others for repairs, salaries, and insurance. The plaintiff credited himself in each of the statements with the amounts appearing to have been expended, and with the amount charged for his services, which was stated to be 5 per cent. commission upon the gross amounts collected. The balance was credited to the defendant's general account. This action was brought to recover a balance claimed to be due in December, 1897, when the defendant discharged the plaintiff. It appears from the undisputed evidence that the plaintiff misstated the amounts paid out by him, that he actually paid for repairs $1,748.89 less than the amounts set forth in the various statements or accounts rendered, and that the amounts paid for insurance and to janitors were less than the amounts credited and retained by him. The referee found that the plaintiff should be charged with the $1,748.89 which he had illegally retained, but refused to hold that he was chargeable with the difference between the amounts charged and paid for insurance and the services of a janitor. The referee found that the plaintiff was entitled to be credited with the amount claimed in the complaint and the sum of $1,750, "allowance on quantum meruit for supervision," etc., and directed judgment in favor of the plaintiff and against the defendant for the difference between the amounts charged and credited.

We are unable to discover any sufficient reason for allowing the plaintiff to act for his own benefit in insuring the property and hiring a janitor. It is established by the authority of elementary writers and by a long course of decisions that a person employed as an agent in any respect cannot be held to act for his own benefit, and must account to his principal for any profit he may have made in the

transaction. Pom. Eq. Jur. §§ 953, 1075; Whart. Ag. § 238; Kedian v. Hoyt, 33 Hun, 145; Gardner v. Ogden, 22 N. Y. 327, 348; Dutton v. Willner, 52 N. Y. 312; Murray v. Beard, 102 N. Y. 505, 7 N. E. 553.

Independent of this consideration, we think that the referee erred in holding that the plaintiff was entitled to recover upon a quantum meruit, upon the theory of an implied agreement to pay more than the amount with which he credited himself in his monthly statements, and deducted from the rents collected. The statements were in legal effect not only representations on the part of the plaintiff of the accuracy, validity, and honesty of every item, but were notices to the defendant of his willingness to do the work mentioned or referred to for a commission of 5 per cent. upon the rents collected. Each of the statements amounted to an assertion by the plaintiff that he charged no more, and that he had retained that sum in full payment of the amount due for services therein mentioned. The evidence of the plaintiff upon this question is as direct and positive as his conduct. He testified that he made no charges for any services in connection with the making of repairs, placing insurance, hiring janitors or other employés, or for purchasing coal or other supplies; that 2½ per cent. for collecting and 2½ per cent. for renting paid him for all of those services. The plaintiff put his own interpretation upon his duty under his general employment, and a value upon his services which was assented to and paid by the defendant. Whether the value so fixed was high or low, whether unreasonable or more than a just compensation for the plaintiff's services, each party is now precluded from making any different claim. That the plaintiff erroneously supposed that he could defraud the defendant out of an additional sum is not such a mistake as to make the subject of compensation a matter of investigation in this action.

The judgment should therefore be reversed, and a new trial granted; costs to abide the event. All concur.